

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 12, 1939

Hon. Andrew Patton
District Attorney
Dallas, Texas

Dear Sir:

Attention: Mr. David M. Weinstein

Opinion No. O-817
Re: Whether land purchased by State at
tax sale may be sold after the ex-
piration of two years from date of
sale, or whether State must hold
same until expiration of two years
from date of recording of deed.

We are in receipt of your letter of May 16, 1939,
wherein you advise that in January, 1937, the State pur-
chased at tax sale several hundred parcels of land, which
had been posted for sale. Through error the deeds to the
State were not recorded until January, 1939. You request
our opinion as to whether the land may now be sold by the
State, or whether two years must first elapse from the
date of the recording of the deeds.

Article VIII, Section 13, Constitution of Texas,
as amended in 1932, reads as follows:

"Provision shall be made by the first
Legislature for the speedy sale, without the
necessity of a suit in Court, of a sufficient
portion of all lands and other property for the
taxes due thereon, and on every year thereafter for
the sale in like manner of all lands and other
property upon which the taxes have not been paid;
and the deed of conveyance to the purchaser for
all lands and other property thus sold shall be
held to vest a good and perfect title in the
purchaser thereof, subject to be impeached only
for actual fraud; provided, that the former owner
shall within two years from date of the filing
for record of the Purchaser's Deed have the right
to redeem the land on the following basis:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(1) Within the first year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus notexceeding twenty-five (25%) percent of the aggregate total;

"(2) Within the last year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus not exceeding fifty (50%) percent of the aggregate total."

Article 7283, Revised Civil Statutes, as amended, reads as follows:

"The owner of the real estate sold for the payment of taxes, or his heirs or assigns or legal representatives, may, within two (2) years after the date of filing for record of the purchasers deed, have the right to redeem the land on the following basis;

"(1) Within the first year of the redemption period upon the payment of the amount of money paid for the land, including One Dollar ($1.00) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon plus ten per cent (10%) of the aggregate total.

"(2) Within the last year of the redemption period upon the payment of the amount of money paid for the land, including One Dollar ($1.00) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon plus twenty per cent (20%) of the aggregate total.

"Provided, that, subject to the owners right to redeem as aforesaid, any lien holder or party interested may within the time above specified redeem said property under the same provisions.

"Sec. 2. This Act is intended to apply to and govern the amount necessary to be paid for redemption from all State, County, municipal and/or district

"Sec. 3. In addition to redeeming direct from the purchaser, redemption may also be made as provided in Articles 7284 of the Revised Civil Statutes of Texas of 1925."

Article 7284a, Revised Civil Statutes, as amended, reads as follows:

"Whenever land is sold under a decree and judgment of Court for taxes levied by or for any district organized under the laws of the State of Texas with authority to levy and collect taxes, the owner of such property, or anyone having an interest therein, shall have the right to redeem the same at any time within two years from the date of such sale upon payment of double the amount paid by the purchaser at such sale; provided, that the purchaser at such foreclosure sale, and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of such sale."

Article 7284b, Revised Civil Statutes, as amended, reads as follows:

"Whenever land is sold under a decree and judgment of court for taxes levied by or for the State, or by or for any County within the State, the owner of such property, or anyone having an interest therein, shall have the right to redeem the same at any time within two years from the date of such sale upon payment of double the amount paid by the purchaser at such sale; provided that the purchaser at such foreclosure sale, and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of such sale."

Since Article 7328, Revised Civil Statutes, provides that if any land sold to the State under tax foreclosure sale is not redeemed within the time prescribed by law, the sheriff shall sell the same at public outcry, it becomes necessary to determine what period of time is allowed the landowner within which to redeem the land thus sold under foreclosure sale. If Article 7283 governs, then the landowner would have two years from the date of filing for record of the purchaser's

Article VIII, Section 13, Constitution of Texas, is the only provision in the Constitution touching upon the right of a landowner to redeem land sold for delinquent taxes. However, the Legislature may make provisions for such redemption in situations not covered by the Constitution. Hinkson v. Lorenzo Independent School District, 109 S. W. 1008; see also Dallas County Levy Improvement District v. Ruget, 36 S. W. (2d) 188.

In the case of Hinkson v. Lorenzo Independent School District, supra, the school district sued Hinkson for delinquent taxes and obtained a judgment of foreclosure. Said judgment also provided that the owner should have the right to redeem said land at any time within two years from the date of sale, upon payment of double the amount paid by the purchaser at the sale. The land-owner complained of the latter part of said judgment, contending that he should have the right to redeem the land under Article 7283, as amended, upon payment of the amounts therein provided. We quote from the court's opinion as follows:

"We cannot accede to this contention. The old article 7283 was a part of section 19 of the Act of 1876, c. 152, p. 259, which dealt with sales of land for taxes by the tax collectors under summary process, and had no reference to sales made under jugments of foreclosure of tax liens. Moreover, that act, like all others prior to the enactment of article 7284a in 1927, had reference to sales for taxes due the state, counties, and cities. None of them had any reference, insofar as the matter of redemption is concerned, to sales of real estate under foreclosure of tax liens owing to school and other districts created under the laws of the state. The constitutional provision for such redemption, article 8, section 13, applied only to summary sales made by tax collectors from the tax rolls and not to sales made under foreclosure of tax liens by court judgments. City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Collins et al v. Ferguson et al, 22 Tex. Civ. App. 552, 56 S. W. 225. There is nothing in the late amendments of either the Constitution or the statute, article 7283, which would indicate an intention to extend their application."

Hon. Andrew Patton, June 12, 1939, Page 5.


Article 7284a and 7284b, Revised Civil Statutes, were enacted in 1927, and Article 7283, as amended, was enacted in 1933. The language used in Section 2 of Article 7283 is very broad and, to say the least, comes very close to making that statute apply to school district tax sales and to sales made after court foreclosures, as well as summary sales. The Legislature has not obeyed the mandate of Article VIII, Section 13, of the Constitution and has made no provision for the sale of land for delinquent taxes without the necessity of suits in court. The construction placed on Article 7283 by the Amarillo Court of Civil Appeals in the Hinkson case, therefore, makes said Article 7283, at least for the present, inoperative.

Feeling compelled to follow the Court of Civil Appeals in the Hinkson v. Lorenzo Independent School District case, it is our opinion that Article 7284b, Revised Civil Statutes, would govern the period of redemption in the case with which we are here concerned. It follows that the period of redemption allowed the landowner has expired and the land you mention may now be sold under the provisions of Article 7368, Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed)  Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:PBP

APPROVED:

(Signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By C. O. B.
Chairman